### M. D. BURGESS' EX'RS, ET AL., *v.* NED JACKSON.

**Construction of Terms of a Will.**

> Where in his will a testator states "I give the same forever to the following parties, or their heirs, who were once my slaves under the laws of Kentucky, viz.: Ned Jackson, Cordelia, wife of Marshall's Dan, and her children, and Harriett and her children" (describing certain property), it is held that the property bequeathed was to be taken in three parts only, one to Jackson, one to Cordelia and one to Harriett.

APPEAL FROM MASON CIRCUIT COURT.

January 24, 1879.

OPINION BY JUDGE COFER:

Referring to his residuary estate the testator says: "I give the same forever to the following parties, or their heirs, who were once my slaves under the laws of Kentucky, viz: Ned Jackson, Cordelia, wife of Marshall's Dan, and her children, and Harriett and her children."

There is nothing in the codicil which seems calculated to explain or alter the above clause. The exact meaning and intention of the

testator is not readily perceived, and no power of analysis we have been able to bring to bear upon his language has enabled us to say with confidence what his intention was. This much only seems to be clear, that he intended that Ned, Cordelia, Harriett, and the children of the latter two should be sharers in his bounty.

But the impression made on the mind when reading the will in the light of the facts stated in respect to the relation of the beneficiaries to the testator is that he contemplated them as three distinct objects of his munificence. Ned being one, Cordelia and her children another, and Harriett and her children still another.

Ned, Cordelia and Harriett had been his slaves, and all the children except two of Cordelia's were also his slaves. Mary Elizabeth was born in July, 1865, before slaves were manumitted by the adoption of the 13th article of amendment to the Constitution, and the child next older than Mary was born in 1862.

The will is not dated, but from the facts and circumstances it is reasonable to assume that the testator knew the names of all the children of the two women born before the will was written, and all were born before the codicil was made, and he may be safely assumed to have then known their names, and if he had designed to make the children equal sharers not only with their respective mothers but also with Ned, it is probable he should have made his intention plain by inserting the names of all in a way to have clearly indicated that intention.

This, it is true, is little better than speculation, but from the language used and the structure of the sentence we can do no better than to judge from it and the relation of the testator to the parties what would have been natural and reasonable under the circumstances, and then assume that as his intention.

Ned and the two women had no doubt been faithful servants. The will is strong evidence of that. They had probably assisted him to accumulate or save the estate he was devising to them, and it was natural that he should regard Ned as one object of his bounty, and each woman and her children another.

At any rate we are not able to say that the reasons for adopting the construction contended for by the appellants are greater than those in favor of the construction given by the court below, and the judgment will therefore be *affirmed.*

*W. H. Wadsworth, for appellants.*

*Barbour & Cochran, W. H. Wadsworth, Jr., for appellee.*